IN THE
TENTH COURT OF APPEALS
 

No. 10-96-091-CR

     RICHARD GARCIA,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 95-550-C 
                                                                                                                

O P I N I O N
                                                                                                                
 
      A jury convicted Richard Garcia of aggravated robbery and assessed punishment at fifteen
years in prison and a $1,025 fine. Tex. Penal Code Ann. § 29.03 (Vernon 1994). He appeals
on two points, asserting that the court erred in failing to grant a mistrial and in commenting on
the evidence. We will affirm the judgment. 
BACKGROUND
      On June 21, 1995, at around 7 p.m., the E-Z Pak grocery store at 2128 Bosque was robbed. 
Steve McFerran, the owner of the store, identified Garcia as the person who put a knife within
inches of his face and said, “Give me the money.” The men struggled, and Garcia took twenty-five to thirty dollars from the register. He then fled the store on a bicycle.
      Delfino Perez lives at 2011 Bosque. Around 7 p.m. the night of June 21, he saw a person on
a bicycle throw something into the dumpster behind the house. Perez saw a police officer parked
at the corner of 20th and Bosque. He asked the officer what had happened and told the officer
what he had seen. Another officer found a knife in the dumpster. About half an hour later, a
police officer brought Garcia to Perez’s house. Perez identified Garcia as the man he had seen
at the dumpster.
      John Clark, an officer with the Waco Police Department, testified that he was patrolling a
nearby area around 7 p.m. He received a dispatch with a description of the robber as “a heavy-set
Hispanic male wearing a blue tee shirt with a white design and blue jeans.” Moments later, Clark
saw a man matching the description walking from an alley. Clark “pulled up even” with the man
and asked him to stop. The man looked at Clark and “took off running” toward the alley. Clark
pursued the man and placed him under arrest. He identified the man as Garcia.
      Garcia testified that he had gone to the E-Z Pak to buy beer, although he was underage . He
stated that he was “intoxicated,” having drunk six to seven beers before arriving at the store. 
Garcia testified that, although he had previously bought beer without showing proof of age, this
time McFerran “ID’d” him. Garcia “argued” with McFerran, trying to convince him to sell him
the beer. McFerran “came around the corner” to make Garcia leave, and Garcia “pushed him
off” causing McFerran to “bump” into the glass counter. Garcia then “took off running.” He
denied having a knife and testified that the knife recovered from the dumpster was not his.
      When asked why he ran when Clark attempted to detain him, Garcia stated that he “was still
drunk obviously.” Garcia said that Clark pulled up “real fast” and that he ran “just out of panic.”
      Garcia’s first point asserts that the court erred in refusing to grant a mistrial after the State
“twice attempted to impeach [him] by cross-examining him about his post-arrest silence, and
linked his post-arrest silence to his testimony.” The following questioning occurred on cross-examination:
      [STATE]:    So the police officer came over to you, and what happened?
      [GARCIA]:  He arrested me.
      [STATE]:    What did you say?
      [GARCIA]:  Nothing to him. I didn’t say nothing to him.
      [STATE]:    Why not? You hadn’t done anything wrong?
      [GARCIA]:  That’s right. Why would I say anything to him?
      [STATE]:    Why didn’t you say, “Why are you arresting me?”
        [DEFENSE COUNSEL]: Objection, Your Honor. This is improper impeachment.
      THE COURT: Sustained.
        [DEFENSE COUNSEL]: Request that the jury be instructed.
      THE COURT:    Instruct the jury they will disregard the last statement of counsel
                              for the State for any purpose whatsoever.
       [DEFENSE COUNSEL]: Reluctantly we move for a mistrial.
      THE COURT:    Overrule the motion for mistrial.
      [STATE]:    Did you ever give this story that you are telling us now to the police?
       [DEFENSE COUNSEL]: Objection, Your Honor. Same objection.
      THE COURT:    And I again sustain the objection and instruct the jury to disregard the last
statement of counsel for any purpose whatsoever.
       [DEFENSE COUNSEL]: Move for a mistrial.
      THE COURT:    Overruled.
      The State concedes that the questions were improper, but argues that the court’s instruction
to disregard “for any purpose whatsoever” cures any harm. See Dinkins v. State, 894 S.W.2d
330, 356 (Tex. Crim. App.), cert. denied, — U.S. —, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995). 
Garcia argues that the State’s use of post-arrest silence for impeachment purposes is per se harmful
error. Thomas v. State, 812 S.W.2d 346, 350 (Tex. App.—Dallas 1991, pet. ref’d) (citing
Buitureida v. State, 684 S.W.2d 133, 142 (Tex. App.—Corpus Christi 1984, pet. ref’d)).
      In Dinkins, the State elicited testimony from the investigating officer concerning Dinkin’s
demeanor during the murder investigation.


 Dinkins, 894 S.W.2d at 355. The officer testified
that Dinkins showed no remorse and did not protest his innocence. The trial court sustained
Dinkin’s objection that the testimony was a comment on his right to remain silent and instructed
the jury to disregard. Id. The Court of Criminal Appeals acknowledged that comments about a
defendant’s post-arrest silence violate the Fifth Amendment prohibition against self-incrimination. 
Id. at 356. However, it also held that such comments do not lead to automatic reversal. Id. 
Because of Dinkin’s objection and the court’s instruction to disregard, the Court found the error
was cured. Id.
      Although the State twice questioned the defendant on his post-arrest silence, the court
sustained Garcia’s objections and instructed the jury to disregard the State’s comments “for any
purpose whatsoever.” Furthermore, unlike the facts in Thomas and Buitureida, the State did not
urge in its closing arguments that the jury should consider Garcia’s post-arrest silence. Thomas,
812 S.W.2d at 350; Buitureida, 684 S.W.2d at 141. We believe the reasoning in Dinkins controls
and that the court’s instruction cured the error. See Dinkins, 894 S.W.2d at 356. We overrule
point one.
      Garcia’s second point asserts that the court commented on the evidence when, over his
objection, it instructed the jury that “voluntary intoxication is not a defense to the commission of
an offense.” Tex. Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 1996).
      Garcia testified that he had consumed several beers and was “intoxicated” when he argued
with McFerran. Garcia objected to the jury instruction as a comment on the weight of the
evidence because he had not offered evidence of intoxication as a defensive matter. The State
responded that Garcia had raised the issue of intoxication, that it had the burden to prove intent,
and that it did not want the jury to understand that intoxication is a defense. 
      Voluntary intoxication is not a defense to the commission of an offense. Tex. Penal Code
Ann. § 8.04(a) (Vernon 1994). We do not believe the court’s charge was a comment on the
weight of the evidence. Rather, in light of Garcia’s testimony, it was a permissible statement of
the applicable law. We overrule point two.
      We affirm the judgment.
 
                                                                                     BILL VANCE
 Justice

Before Chief Justice Davis,
      Justice Cummings, and
      Justice Vance
Affirmed
Opinion delivered and filed September 18, 1996
Do not publish