David SABEDRA, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 13–91–401–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1992.
Rehearing Overruled Oct. 8, 1992.

Kaye Berkey Ellis, Edna, for appellant.

Robert E. Bell, Crim. Dist. Atty., Edna, Jim Vollers, Austin, for the State.

Before NYE, C.J. and DORSEY, and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

A jury convicted appellant of aggravated assault. The trial court assessed punishment at ten years' imprisonment. Appellant brings four points of error, complaining that the trial court erred in denying defense counsel the right to make an opening statement, denying appellant a separate jury shuffle, and allowing a police officer to testify as a medical expert, and that insufficient evidence existed to establish a serious permanent disfigurement. We affirm the trial court's judgment.

The victim, Lydia Samora, testified that one evening she went to appellant's house looking for her friend Celeste. She ended up in an argument with appellant. During the argument, appellant drew a knife and slashed Samora across her breast and stomach. Samora immediately left the scene on foot. As she was fleeing, Celeste drove up in a car and asked Samora if everything was all right. Samora told her that "nothing happened." Because it was dark, Celeste did not see that Samora was wounded and drove on. Samora flagged down a passing motorist. The driver took her to the sheriff's office, where Samora reported the incident to the Sheriff. Afterward, she was taken to the emergency room where she was given stitches and was released the same night. The State charged that appellant intentionally and knowingly cause[d] serious bodily injury to Lydia Samora by cutting her several times

on the left breast and in the abdomen with a knife.

By his first point of error, appellant claims that the trial court erred in denying defense counsel the right to make an opening statement. Immediately following the State's opening statement, appellant's attorney informed the court that she wished to open. When the prosecutor objected, the trial judge responded that appellant's attorney had a right to open if she wanted to. The parties held an unrecorded bench conference, after which the State called its first witness. As such, no adverse ruling to appellant's request appears in the record. When the State rested its case in chief, the trial judge told appellant's attorney that she could proceed with her opening statement. She complained that she had been denied the opportunity to present her opening statement earlier, and, as she had no witnesses or evidence to present, she had no reason to give an opening statement at that time. The judge then stated that he improperly denied her previous request to open. Appellant's counsel answered that she too had been ignorant of the law on the point in question.

The State claims that appellant failed to preserve error. We agree. To preserve for review the trial court's denial of defense counsel's request to make an opening statement before the State presents evidence, counsel must make a specific objection stating the grounds for the ruling she desired the court to make. Tex. R.App.P. 52(a); see Dunn v. State, 819 S.W.2d 510, 524 (Tex.Crim.App.1991). Specific objection is required in order to give the trial court the opportunity to correct its error. Dunn, 819 S.W.2d at 524.

While the record clearly reflects that the trial judge erred in denying counsel's request, it is equally clear that counsel did not properly apprise the trial judge of his error as required. As such, the error is not preserved. We overrule point one.

By his second point of error, appellant complains that the trial court erred in refusing to allow him a separate jury shuffle. After the jury panel was qualified, exempted, and sworn, the State re-

quested a jury shuffle. After learning of the State's request, appellant's attorney requested a second shuffle. The record does not reflect that the trial court ever ruled on appellant's request. The complaint is not preserved for our review. TEX.R.APP.P. 52(a). Moreover, appellant does not have an absolute right to a separate jury shuffle. The Code of Criminal Procedure, article 35.11, guarantees a defendant that a jury panel will be shuffled once, either at his or the State's request. It does not mandate that a defendant be allowed to reshuffle the panel after the State has caused the panel to be shuffled. *Jones v. State*, 833 S.W.2d 146 at 149 (Tex.Crim. App.1992). Point two is also overruled.

■ By point three, appellant claims that the trial court erroneously allowed a police officer to testify as a medical expert. Officer Andrew Louderback testified that Samora's injuries were serious and permanent. Appellant objected to Louderback being qualified as a medical expert. The trial court sustained the objection. The prosecutor explained that he did not seek to have Louderback testify as a medical expert, but rather as someone with experience in viewing and investigating slash wounds. After extensive voir dire of the witness, the trial court allowed Louderback to testify.

Louderback's qualifications were that he had been a police officer for thirteen years. During that time, he investigated many stabbings and was able to view the victims' wounds from close proximity, at the time they were inflicted and even five or six months afterward. He stated that he had also seen those same victims years later with scars that had remained. Louderback further testified that he had seen Samora's wounds. He stated that her wounds were similar to the persistent wounds he had seen on stab victims in the past. Officer Louderback testified that Samora's scars were serious and permanent.

Appellant argues that Louderback was not qualified to speculate on the permanence of Samora's scars since he had no medical training. Moreover, since the jury saw the wounds themselves, they were in possession of the same information as the witness. As such it was inappropriate for Louderback to testify. Appellant relies upon *Powers v. State*, 757 S.W.2d 88 (Tex. App.—Houston [14th Dist.] 1988, pet. ref'd). The *Powers* case is distinguishable because the issue there concerned the defendant's intent.

The fact at issue in the case before us was whether Samora's injuries resulted in a serious permanent disfigurement, thereby elevating the assault to aggravated assault. There was no testimony adduced revealing the size or depth of Samora's slash wounds. However, prior to Officer Louderback's testimony, Samora exhibited her scars for the jury to see. Additionally, two photographs were introduced into evidence by the State.

■ Qualification of a witness as an expert is a determination left largely to the trial court's discretion. *Sterling v. State*, 800 S.W.2d 513, 521 (Tex.Crim.App.1990), *cert. denied*, — U.S. —, 111 S.Ct. 2816, 115 L.Ed.2d 988 (1991). A witness may be qualified to give testimony both under Texas Rules of Criminal Evidence, 702, because of his superior experiential capacity and under Rule 701 if his testimony and opinion are based on first hand knowledge. *Yohey v. State*, 801 S.W.2d 232, 243 (Tex. App.—San Antonio 1990, pet. ref'd); *see also Sterling*, 800 S.W.2d at 521–22. Rule 702 requires that expert testimony be such that it will assist the trier of fact to understand the evidence or to determine a fact in issue. *Perryman v. State*, 798 S.W.2d 326, 329–30 (Tex.App.—Dallas 1990, no pet.). We hold that the trial court could properly have determined that Louderback possessed special knowledge on stab wounds and that his testimony would assist the jury in determining whether the wound was serious and permanent. *See Sterling*, 800 S.W.2d at 522. We find no error. Point three is overruled.

■ By his fourth point, appellant complains that the evidence was insufficient to show that Samora suffered any serious permanent disfigurement. Appellant claims the evidence of serious permanent disfigurement is insufficient for the following reasons: no medical experts testified; the depth of the cuts were never estab-

lished; the clothes Samora wore were never washed after the incident and they had little blood on them; Samora was able to drive herself to the Sheriff's office; and Samora told Celeste that "nothing happened." Finally, appellant urges this Court to take judicial notice of the fact that trial was held only four-and-a-half months after the incident, and that was too soon for any determination of the existence of serious permanent disfigurement.

In reviewing the sufficiency of the evidence we must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could find the elements of the crime beyond a reasonable doubt. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App. 1988); *Butler v. State,* 769 S.W.2d 234, 237 (Tex.Crim.App.1989).

■ A defendant will be guilty of an aggravated assault if he intentionally, knowingly, or recklessly causes serious bodily injury to another person. TEX. PENAL CODE ANN. §§ 22.01(a)(1) & 22.02 (Vernon 1989). Serious bodily injury means bodily injury that causes serious permanent disfigurement. *Moore v. State,* 739 S.W.2d 347, 349 (Tex.Crim.App.1987); *Barrera v. State,* 820 S.W.2d 194, 196 (Tex. App.—Corpus Christi 1991, pet. ref'd); *Ordonez v. State,* 806 S.W.2d 895, 898 (Tex. App.—Corpus Christi 1991, pet. ref'd); TEX. PENAL CODE ANN. § 1.07(a)(34) (Vernon 1974).

Samora testified that appellant stabbed her with a knife. The wounds bled, and she was frightened that she would pass out. She went to the hospital and received stitches. Samora briefly exhibited the scars to the jury at trial. Officer Louderback testified that in his experience as a police officer he has seen many slash wound victims—both at the time the injuries were inflicted and subsequently over a period of months as he has worked on the individual cases. The officer stated that he had seen Samora's injuries at the commencement of the investigation and again as recently as the week before trial. Louderback testified that he believed that Samora's scars were both serious and permanent. We find that the evidence was sufficient to show that Samora sustained a seri-

ous permanent disfigurement. Point four is overruled.

We judgment of the trial court is AFFIRMED.