TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00673-CR






Rudy Urias, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR98-121, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING







 A jury found appellant Rudy Urias guilty of aggravated assault (1) and assessed
punishment at imprisonment for nineteen years. On appeal, Urias challenges the admission of
testimony by a police officer that the victim's wounds created a substantial risk of death. We will
affirm.

 The victim, Rolando Medrano, testified that at approximately 2:00 a.m. on the
morning of January 7, 1998, he completed his shift at the Wal-Mart Distribution warehouse on
Interstate Highway 35 north of New Braunfels and drove to the nearby apartment of Jessica Cantu
to look for his girlfriend. When Medrano honked his horn, Cantu, her sister, and appellant
approached the car. An argument ensued. During the argument, Cantu's sister leaned into the
rear window of Medrano's automobile to punch him from the back, and appellant reached through
the open driver's side window and stabbed Medrano in the chest. As Medrano drove off, he
realized he had been stabbed and was bleeding. He drove around the corner to a friend's house
and went inside. His friend called 911, and the police and EMS arrived. Medrano was air-lifted
to the trauma center of a hospital in San Antonio in critical condition. Later that morning,
Medrano identified appellant in a photographic line-up as the person who stabbed him. No
weapon was recovered.

 Medrano received stitches for the wound, remained in the hospital for three days,
and was out of work for over a month. The State charged that appellant intentionally and
knowingly caused bodily injury to Medrano by stabbing him in the chest with a deadly weapon,
to wit, a sharp object otherwise unknown to the grand jury.

 Appellant complains on appeal that a police officer was allowed to give an opinion
as to the substantial risk that Medrano's wounds were life-threatening, in violation of Rule 702
of the Texas Rules of Evidence. See Tex. R. Evid. 702. At trial, Officer Craig Cristofferson,
the first officer on the scene, testified concerning the nature of Medrano's wounds. Specifically,
appellant complains of the following exchange:


THE STATE: Officer, in your experience and training as a peace officer, have
you had occasion to see people that have been -- that have been
stabbed like the victim in this case was stabbed?

 

WITNESS: Yes, sir. I have seen other stab victims.


THE STATE: And based on your training and experience and working with
other stab victims, do you have an opinion as to whether or not
the instrument that caused this stab wound would be capable of
causing serious bodily injury or both.


APPELLANT'S COUNSEL: I object your Honor. He hasn't laid a sufficient predicate of his being any type of an expert in weapons, in
medicine, physician, anything like that that would qualify him to
testify whether this particular wound or any instrument that caused
it would be capable of causing death. So we would object to the
admission of that evidence.


THE COURT: I'll sustain the objection.


THE STATE: Let me ask you this: Officer, when you saw the victim and you
assessed his wounds, did you feel like his health was in jeopardy?


WITNESS: Yes, sir.


THE STATE: Did you feel like, in fact, that his life might be in jeopardy?


APPELLANT'S COUNSEL: Excuse me, your Honor. Same objection. It's

 irrelevant whether he felt the victim's life was in jeopardy. This
is sort of a back doorway of getting in the evidence you already
said was not admissible. We would object.


THE COURT: I'm going to overrule your objection.


THE STATE: Officer, were you concerned the victim's actual life might be in
jeopardy?

 

WITNESS: Yes, sir.


DISCUSSION

 Aggravated assault is committed if a person commits assault and either causes
serious bodily injury or exhibits a deadly weapon during the commission of the offense. See Tex.
Penal Code Ann. § 22.02(a) (West 1994). A person commits the offense of assault if the person
intentionally, knowingly, or recklessly causes bodily injury to another. Id. § 22.01. "Bodily
injury" is defined in the Penal Code to mean physical pain, illness, or any impairment of physical
condition. Id. § 1.07(a)(8). "Serious bodily injury" is defined to include "bodily injury that
creates a substantial risk of death . . . ." Id. § 1.07(a)(46). "Deadly weapon" means: "(A) a
firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or
serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury." Id. § 1.07(a)(17). 

 Aggravated assault does not normally require the State to prove both that the
defendant caused serious bodily injury and that the defendant used a deadly weapon. A person
can be found guilty of the offense of aggravated assault if he commits an assault with a deadly
weapon and causes bodily injury or if he commits an assault and causes serious bodily injury. Id.
§ 22.02. The indictment charges appellant with intentionally, knowingly, or recklessly causing
bodily injury to Medrano by stabbing him in the chest "with a deadly weapon, to-wit: a sharp
object otherwise unknown to grand jury." Thus, under the State's theory, the State was required
to prove that appellant caused a "bodily injury" with the use of a deadly weapon.

 A knife is not a "deadly weapon per se." Thomas v. State, 821 S.W.2d 616, 620
(Tex. Crim. App. 1991). If the evidence does not show that the knife caused death or serious
bodily injury, then the State must produce evidence that shows the knife: (1) was capable of
causing serious bodily injury; and (2) was displayed or used in a manner that establishes the intent
to use the knife to cause death or serious bodily injury. See Lockett v. State, 874 S.W.2d 810, 814
(Tex. App.--Dallas 1994, pet. ref'd). The State need not introduce expert testimony to establish
the "deadly" nature of a knife. See Davidson v. State, 602 S.W.2d 272, 273 (Tex. Crim. App.
1980). A witness's testimony that a knife was used in a manner capable of causing death or
serious bodily injury is sufficient to show that the knife was a deadly weapon. See Blair v. State,
647 S.W.2d 293, 294 (Tex. Crim. App. 1983).

 Appellant contends that it was reversible error to allow the police officer to testify
concerning the "life-threatening potential" of Medrano's injuries. He argues that the State was
required to establish the use of a deadly weapon and that, because no weapon was recovered, the
State was unable to establish that the object used to inflict the wound met the definition of a deadly
weapon. In place of introducing the weapon, he argues, the State improperly elicited the officer's
opinion that the wound created a substantial risk of death. Appellant also argues that because the
testimony established an element of the offense, he was harmed by its admission. Appellant does
not challenge the sufficiency of the evidence.

 The weight of the evidence showed that appellant stabbed Medrano with a knife and
that the wound caused a serious bodily injury and placed Medrano's life in jeopardy. As to the
severity of the wound, Medrano testified that he was stabbed in the chest next to his heart; that
one of his muscles was cut and he received stitches; and that he was bleeding profusely so that his
pants were "just full of blood." Officer Cristofferson noticed drops of blood on the porch of the
friend's house where Medrano sought help and further testified that he called EMS because he
thought Medrano's life was in jeopardy. A paramedic fire-fighter employed by the City of New
Braunfels Rescue Department testified that he had been a paramedic for eight years; that he had
rendered assistance to victims of stab wounds on twenty to thirty occasions; and that he arrived
on the scene to provide transportation for the injured victim to the hospital. He further testified
that Medrano was in critical condition and that the wound appeared to be a knife wound made by
a single blade-edged knife. 

 In addition, Medrano's former girlfriend, appearing as a reluctant witness, testified
that after the incident, appellant came back into the apartment and reported that he had stabbed
Medrano. The State also admitted into evidence photographs of Medrano taken after the incident
on the morning of January 7, 1998.

 Appellant objects to the testimony of Officer Cristofferson concerning whether the
weapon used was capable of causing death. Specifically, the officer testified that the wound placed
Medrano's life in jeopardy. Qualification of a witness as an expert is a determination left largely
to the trial court's discretion. Rule 702 grants the trial court the discretionary authority,
reviewable only for its abuse, to determine reliability in light of the particular facts and
circumstances of the particular case. Officer Cristofferson testified about his training and
experience as a police officer, including five and one-half years as a police officer and sheriff's
deputy. The trial court could properly have determined that he possessed special knowledge and
that his testimony would assist the jury in its evaluation of the evidence. Rule 702 allows a
witness to testify as an expert if by "knowledge, skill, experience, training, or education," his
specialized knowledge will assist the trier of fact. Tex. R. Evid. 702. The purpose of the rule
is "to make certain that an expert, whether basing testimony upon professional studies or personal
experience, employs in the courtroom the same level of intellectual rigor that characterizes the
practice of an expert in the relevant field." See Kumho Tire Co., Ltd. v. Carmichael, 119 S. Ct.
1167, 1176 (1999); see also Nenno v. State, 970 S.W.2d 549, 561 (Tex. Crim. App. 1998)
(applying "flexible" standard to reliability requirement of expert testimony in criminal case). The
trial court did not abuse its discretion in allowing the excerpted testimony of Officer Cristofferson.

 Even if the testimony was not admissible under Rule 702, it would clearly be
admissible under Rule 701. Rule 701 provides for the admission of lay opinions if they are "(a)
rationally based on the perception of the witness and (b) helpful to a clear understanding of the
witness' testimony or the determination of a fact in issue." Tex. R. Evid. 701. Thus, lay opinion
testimony allows a witness to relate concrete details of which he has personal knowledge as well
as his conclusions based on perceptions of those details. Personal knowledge may come from the
witness's senses or from experience. See, e.g., Fairow v. State, 943 S.W.2d 895, 898 (Tex.
Crim. App. 1997); Smith v. State, 683 S.W.2d 393, 404 (Tex. Crim. App. 1984) (police officer
may give non-expert opinion regarding physical facts he has observed); Doyle v. State, 875
S.W.2d 21, 23 (Tex. App.--Tyler 1994, no pet.) (prison guard allowed to give opinion testimony
under Rule 701 based on "what he saw"); Williams v. State, 826 S.W.2d 783, 785 (Tex.
App.--Houston [14th Dist.] 1992, pet. ref'd) (using past experience, police officer was permitted
to testify, as either a lay witness or an expert, that he interpreted defendant's actions to be a drug
transaction); State v. Welton, 774 S.W.2d 341, 343 (Tex. App.--Austin 1989, pet. ref'd) (police
officer permitted to give non-expert opinion regarding intoxication based in part on smelling odor
of alcohol).

 The officer's testimony, then, was admissible under both Rule 701 and 702. The
witness testified to both his training and experience in investigating stabbings. Thus, his testimony
is admissible under Rule 702 because of his training and experience. The testimony is also
admissible under Rule 701 because it is based upon first-hand observation. See Armunson v. State,
928 S.W.2d 601, 607 (Tex. App.--San Antonio 1996, pet. ref'd), Sabedra v. State, 838 S.W.2d
761, 763 (Tex. App.--Corpus Christi 1992, pet. ref'd).

 Moreover, viewing the evidence in the light most favorable to the verdict, a rational
trier of fact could have found the essential element of use of a deadly weapon beyond a reasonable
doubt from evidence other than the testimony of Officer Cristofferson. See Jackson v. Virginia,
443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). The jury may
draw reasonable inferences and make reasonable deductions from the evidence. See Benavides v.
State, 763 S.W.2d 587, 588-89 (Tex. App.--Corpus Christi 1988, pet. ref'd). 

 Even if the evidence was not admissible, we find there was no reversible error in
admitting it. There is no suggestion by appellant that the admission of this evidence is of
constitutional magnitude, and we find that it is not. The question of whether the error would be
reversible is determined by applying Rule of Appellate Procedure 44.2(b) to inquire whether the
error affected appellant's substantial rights. Tex. R. App. P. 44.2(b). A substantial right is
affected when the error has a substantial and injurious effect or influence in determining the jury's
verdict. See King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). The challenged
evidence was otherwise admitted without objection. See Anderson v. State, 717 S.W.2d 622, 628
(Tex. Crim. App. 1986). Medrano and the paramedic testified to the severity of the injuries as
well as the type of weapon used. It is well established that a person who receives injuries is
qualified to express an opinion as to the severity of the injury and how the injury was inflicted. 
See Hart v. State, 581 S.W.2d 675, 677 (Tex. Crim. App. 1979); see also Denham v. State, 574
S.W.2d 129, 131 (Tex. Crim. App. 1978) (lay opinion concerning physical condition competent).


CONCLUSION

 In summary, the trial court did not abuse its discretion in admitting the testimony
of Officer Cristofferson concerning whether the injury was life-threatening. Appellant's issue on
review is overruled. We affirm the conviction. 



 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: July 29, 1999

Do Not Publish
1. See Tex. Penal Code Ann. § 22.02(a) (West 1994).



0 S.W.2d 549, 561 (Tex. Crim. App. 1998)
(applying "flexible" standard to reliability requirement of expert testimony in criminal case). The
trial court did not abuse its discretion in allowing the excerpted testimony of Officer Cristofferson.

 Even if the testimony was not admissible under Rule 702, it would clearly be
admissible under Rule 701. Rule 701 provides for the admission of lay opinions if they are "(a)
rationally based on the perception of the witness and (b) helpful to a clear understanding of the
witness' testimony or the determination of a fact in issue." Tex. R. Evid. 701. Thus, lay opinion
testimony allows a witness to relate concrete details of which he has personal knowledge as well
as his conclusions based on perceptions of those details. Personal knowledge may come from the
witness's senses or from experience. See, e.g., Fairow v. State, 943 S.W.2d 895, 898 (Tex.
Crim. App. 1997); Smith v. State, 683 S.W.2d 393, 404 (Tex. Crim. App. 1984) (police officer
may give non-expert opinion regarding physical facts he has observed); Doyle v. State, 875
S.W.2d 21, 23 (Tex. App.--Tyler 1994, no pet.) (prison guard allowed to give opinion testimony
under Rule 701 based on "what he saw"); Williams v. State, 826 S.W.2d 783, 785 (Tex.
App.--Houston [14th Dist.] 1992, pet. ref'd) (using past experience, police officer was permitted
to testify, as either a lay witness or an expert, that he interpreted defendant's actions to be a drug
transaction); State v. Welton, 774 S.W.2d 341, 343 (Tex. App.--Austin 1989, pet. ref'd) (police
officer permitted to give non-expert opinion regarding intoxication based in part on smelling odor
of alcohol).

 The officer's testimony, then, was admissible under both Rule 701 and 702. The
witness testified to both his training and experience in investigating stabbings. Thus, his testimony
is admissible under Rule 702 because of his training and experience. The testimony is also
admissible under Rule 701 because it is based upon first-hand observation. See Armunson v. State,
928 S.W.2d 601, 607 (Tex. App.--San Antonio 1996, pet. ref'd), Sabedra v. State, 838 S.W.2d
761, 763 (Tex. App.--Corpus Christi 1992, pet. ref'd).

 Moreover, viewing the evidence in the light most favorable to the verdict, a rational
trier of fact could have found the essential element of use of a deadly weapon beyond a reasonable
doubt from evidence other than the testimony of Officer Cristofferson. See Jackson v. Virginia,
443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991). The jury may
draw reasonable inferences and make reasonable deductions from the evidence. See Benavides v.
State, 763 S.W.2d 587, 588-89 (Tex. App.--Corpus Christi 1988, pet. ref'd). 

 Even if the evidence was not admissible, we find there was no reversible error in
admitting it. There is no suggestion by appellant that the admission of this evidence is of
constitutional magnitude, and we find that it is not. The question of whether th