

# NUMBER 13-21-00091-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**EDWARD MACIAS JR.,**                                           **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                            **Appellee.**

---

### On appeal from the 24th District Court
### of Victoria County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Edward Macias Jr. seeks reversal of his conviction of sexual assault, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A). Macias received a twenty-year term of confinement. *See id.* § 12.33. By four issues, which we have reorganized and renumbered, Macias contends that (1) the evidence is insufficient, (2) the trial court denied him due process by allowing the State to submit written voir dire

questions while not allowing him to do the same, (3) he was denied due process because the trial court prevented him from making an effective opening statement, and (4) the trial court improperly excluded his proffered exhibit. We affirm.

## I. BACKGROUND

A.W.[1] testified that while she was asleep at her acquaintance Paden Johnson's house, Macias, who had placed her hand inside his pants, woke her up. According to A.W., Macias then got on top of her and began kissing her. A.W. stated that she told Macias to stop and attempted to push him away. A.W. testified that Macias put a gun to her neck and told her not to speak, and he then raised her skirt and sexually assaulted her. A.W. speculated that Macias stopped because he heard Johnson coming into the room. A.W. said that when Johnson entered the room, Macias sat up acting "[l]ike it was normal." Macias then left Johnson's home.

A.W. testified that after the assault, she instructed Johnson to inform her husband, Robert Zuniga, that she was going to the police station. A.W. stated that she contacted Zuniga, and he told her to go back to Johnson's home and to wait for him, which she did. A.W. told Johnson that Macias sexually assaulted her. When Zuniga arrived at Johnson's house, he and A.W. went to a neighbor's house, and A.W. called 911.

Detective Kelly Gibbs, a detective with the Victoria Police Department, testified that A.W. told her that Macias sexually assaulted her and threatened her with a gun during the assault. Detective Gibbs stated that A.W. reported that Macias stopped his assault

---

[1] To protect the victim's privacy, the State identifies her by using her initials, A.W. *See* TEX. CONST. art. I, § 30 (granting crime victims "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process").

2

when Johnson entered the room. Johnson did not witness the sexual acts. According to Detective Gibbs, Johnson said that A.W. told him that she was going to the police station because "something happened," and when Johnson asked A.W. whether the occurrence involved Macias, A.W. became upset.

Macias testified that he had consensual sex with A.W. Macias claimed that A.W. asked him for drugs, and he admitted that he used methamphetamine that day. The jury acquitted Macias of aggravated sexual assault and convicted him of the lesser-included offense of sexual assault. This appeal followed.

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, Macias contends that the evidence is insufficient to support the verdict. Specifically, Macias argues that, because the jury acquitted him of the greater offense of aggravated sexual assault with a deadly weapon, the jury must have disbelieved the entirety of A.W.'s testimony. Therefore, "[t]here is no rational basis on which a jury could find the evidence insufficient as to her testimony as to the weapon and also find . . . legally . . . sufficient evidence that the other events regarding the alleged sexual assault occurred."[2]

## A. Standard of Review

In evaluating the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact

---

[2] Macias also contends that the evidence is factually insufficient. However, in *Brooks v. State*, the Texas Court of Criminal Appeals held that the only standard we apply when examining the sufficiency of the evidence is the standard articulated in *Jackson v. Virginia*, that requires affording deference to the jury's credibility and weight determinations. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). Therefore, we analyze Macias's sufficiency of the evidence argument using the standard articulated in *Brooks*. *See id.*

could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State*, 303 S.W.3d 331, 333 (Tex. App.—El Paso 2009, no pet.) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). As charged in this case, a person commits the offense of sexual assault if the person intentionally or knowingly penetrates the sexual organ of another person by any means, without consent. *See* TEX. PENAL CODE ANN. § 22.011(a)(1)(A).

## B. Analysis

Here, Macias admitted that he had intercourse with A.W., which he claimed was consensual. A.W. testified that she did not consent to the sexual encounter. Therefore, the fact finder was left to resolve conflicts in the evidence presented. *See Padilla v. State*, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010) (providing that our standard of review allows the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. When there is conflicting evidence that is supported by the record, under our standard of review, we defer to the fact finder's determination, and we presume that the fact finder resolved the conflicts in favor of the prosecution. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Moreover, "[t]he jury may choose to believe or disbelieve all or a portion of a witness's testimony . . . ." *Blacklock v. State*, 611 S.W.3d 162, 167 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd) (citing *Marshall v. State*, 479

4

S.W.3d 840, 845 (Tex. Crim. App. 2016)). Thus, the jury was free to believe that the sexual encounter was not consensual but also disbelieve A.W.'s testimony regarding the deadly weapon. *See id.* Accordingly, viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Macias intentionally or knowingly penetrated the sexual organ of A.W. by any means, without her consent. *See Brooks*, 323 S.W.3d at 899; *see also* TEX. PENAL CODE ANN. § 22.011(a)(1)(A). Finally, Macias does not cite, and we have not found, any authority supporting his argument that if a jury acquits a defendant of the greater offense, the jury must disbelieve the evidence supporting the lesser-included offense. Thus, we find no merit in this argument. We overrule Macias's first issue.

### III. VOIR DIRE

By his second issue, Macias claims that the trial court allowed the State to submit written questions to the venire during voir dire and did not allow him to do the same. The State denies that it submitted written questions to the venire.

### A. Pertinent Facts

The record shows that prior to voir dire, the trial court asked if Macias had any general objections. Macias responded:

> Yes, Judge, I have one objection.
>
> . . . .
>
> I object, Your Honor, to the fact that my written questions were not submitted to the jurors. I believe that my questions were submitted timely, Your Honor. On March 3rd, 2021, the State and the defendant announced ready for trial; and a plea of not guilty was entered by the Court. . . . We did not know until that day that we [were] going to have trial on Monday, Your Honor. On March 5th, the Court e-mailed myself and the State with the jury

5

plan. At that time, four hours later, Your Honor, I e-mailed my questions to the Court to be given to the jurors. I believe by not being given the questions, that that's a due process violation. . . . I believe [the questions] were timely, as this was the first time I had the plan . . . for COVID. And, therefore, I would ask that the jurors be given my written questions, Your Honor.

The trial court replied as follows:

All right. The Court will take judicial notice that there was a jury plan that was approved by the Office of Court Administration and also the regional judge and the administrative judge back in October of 2020. That jury plan was sent to all lawyers in Victoria County via e-mail through the Victoria County Bar Association. Therefore, the Court believes that every attorney in Victoria had a copy of that jury plan.

The Court, in the abundance of caution, sent the jury plan to both parties [on] March 3rd. Therefore, your request for submission of questions to the jurors, in the Court's opinion, is untimely. You will have an opportunity to question the jurors and use those questions which you have propounded in writing. Therefore, your objection is overruled. The issue is preserved for appeal.

Macias did not submit the written questions to the trial court via a bill of review or offer of proof. Voir dire ensued. The trial court gave the State and Macias forty-five minutes to conduct voir dire. Certain potential jurors were stricken, the trial court called the names of the chosen jurors, and the trial court swore in the jury. Macias did not re-urge his objection regarding his written questions. The trial commenced.

**B.    Analysis**

Macias argues that although he "was allowed to verbally question the jurors on the same topics [contained in his written questions]," the State's advantage of "submit[ting] such questions via writing" cannot be overcome, "nor can the denial of due process given

6

to the Defendant be excused to submit questions by an arbitrary deadline."[3]

> To preserve error regarding the manner of voir dire, the record must reflect a proper question which the trial court has not allowed to be answered. A question that is so vague or broad as to constitute a global fishing expedition is not proper, and fails to preserve error because it is impossible for a reviewing court to determine if the question is relevant and properly phrased.

*Dhillon v. State*, 138 S.W.3d 583, 589 (Tex. App.—Houston [14th Dist.] 2004, pet. struck).

We review a trial court's decisions during voir dire under an abuse of discretion standard. *Davis v. State*, 223 S.W.3d 466, 470 (Tex. App.—Amarillo 2006, pet. ref'd) (citing *Howard v. State*, 941 S.W.2d 102, 108 (Tex. Crim. App. 1996)). "If abuse of discretion infringing the right to question the venire is shown, we will evaluate harm to appellant under the standard applicable to nonconstitutional error under Rule of Appellate Procedure 44.2(b)." *Id.* (first citing *Taylor v. State*, 109 S.W.3d 443 (Tex. Crim. App. 2003); then citing *Thompson v. State*, 95 S.W.3d 537, 543 (Tex. App.—Houston [1st Dist.] 2002, no pet.)). The error is disregarded under our standard unless it had a "substantial and injurious effect or influence in determining the jury's verdict." *Id.*

Macias did not provide the written questions to the trial court by bill of review or offer of proof, and the proposed written questions are not included in the appellate record. Similarly, Macias does not allege that the trial court prevented him from asking any of the written questions during voir dire. And there is nothing in the record showing that the trial court prevented him from asking any questions during voir dire.

---

[3] Macias does not cite, and we have not found, any place in the record showing that the trial court allowed the State to submit written questions to the jury prior to voir dire. The State denies that this happened.

Moreover, Macias has not shown that the trial court's failure to give the jurors his written questions had a "substantial and injurious effect or influence in determining the jury's verdict." *See id.*; *see also* TEX. R. APP. P. 44.2(b). On the contrary, the trial court allowed Macias to examine the potential jurors for forty-five minutes, and he has not asserted that he was unable to ask the panel his proposed written questions during that time. In fact, Macias concedes in his brief that he was able to "verbally question the jurors on the same topics" contained in his written questions. We overrule Macias's second issue.

### IV. CRIMINAL PAST

By his third issue, Macias contends that he was denied due process by the trial court's refusal to allow him to make an "effective" opening statement. Specifically, Macias argues that his ability to present his theory of the case to the jury during his opening statement was derailed by the trial court's prohibiting him from mentioning (1) A.W.'s prior criminal drug offense, (2) the fact that A.W. was serving community supervision at the time of trial, and (3) A.W.'s prior "crime of moral turpitude."

At a hearing outside the jury's presence, the trial court heard argument from the parties regarding the State's motion in limine. The motion in limine asked, in pertinent part, for the trial court to require Macias to approach the bench outside the presence of the jury, prior to any questioning of A.W. on cross examination concerning A.W.'s prior convictions pursuant to rules of evidence 608, 609, and 613. Pertinent to our analysis, rule 609 sets out the protocol required before evidence of a prior conviction may be admitted to impeach a witness: (1) the crime must be a felony or involve moral turpitude;

and (2) no more than ten years may have passed since the date of the conviction or of the release of the witness from confinement imposed for the conviction, whichever is later, unless the probative value substantially outweighs its prejudicial effect. *See* TEX. R. EVID. 609.

Macias stated that he objected to the State's motion in limine pursuant to rule 609 because it violated the confrontation and due process clauses. Macias said, "I believe my *cross-examination* should not be limited." (Emphasis added). Regarding A.W.'s prior conviction for a crime of moral turpitude, the State informed the trial court that that conviction of theft of property was over ten years old. Macias again argued that if he was "*unable to ask*" A.W. about the previous conviction of theft, his right "*to confront*" A.W. would be violated. (Emphasis added).

The trial court specified that it was granting the motion in limine but that it was "not making a ruling right now that the defendant cannot go into that line of questioning because [the trial court did not] know [the facts]. . . ." The trial court asked Macias if its ruling would affect his opening statement. Macias replied, "Yes, Judge." The trial court instructed Macias to "be careful how he phrase[d] it" and said, "You can still phrase that individuals were under the influence of drugs or alcohol at the time of the offense, but you cannot specifically name who those individuals were." Macias agreed. The trial court stated, "[Y]ou cannot go into opening statements and say that [A.W.] is convicted of a drug offense or is on probation for drugs or that she has previously been convicted of a theft offense or crime of moral turpitude. Do you understand that?" Macias responded, "Yes, Judge." Macias did not object to this directive.

9

Macias's argument on appeal is predicated on the trial court granting the State's motion in limine. Nevertheless, Macias does not argue that the trial court abused its discretion by granting the motion in limine. And, at trial, Macias did not make his appellate argument that he "was prevented from making an effective opening statement" because the trial court granted the State's motion in limine or that he was unable to present his theory of the case to the jury during his opening statement.[4] *See Sabedra v. State*, 838 S.W.2d 761, 762 (Tex. App.—Corpus Christi–Edinburg 1992, pet. ref'd) ("To preserve for review the trial court's denial of defense counsel's request to make an opening statement before the State presents evidence, counsel must make a specific objection stating the grounds for the ruling counsel desired the court to make." (citing TEX. R. APP. P. 52(a); *Dunn v. State*, 819 S.W.2d 510, 524 (Tex. Crim. App. 1991))). Accordingly, we conclude that this issue has not been preserved. We overrule Macias's third issue.

## V.     EXCLUSION OF EVIDENCE

By his fourth issue, Macias contends that the trial court improperly excluded evidence of A.W.'s prior crime of moral turpitude.

The trial court's exclusion of evidence is reviewed for an abuse of discretion, and we must reverse the trial court's ruling only if it is outside the zone of reasonable disagreement. *Blacklock*, 611 S.W.3d at 170 (citing *Weatherred v. State*, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000)). Texas Rule of Evidence 609(a) "provides that evidence of a criminal conviction offered to attack a witness's character for truthfulness must be

---

[4] We note that during his opening statement Macias stated: "I'll be able to show you that [A.W.] is a *thief*, a liar, and a drug addict"; "[P]eople will do anything" for drugs; "Some people will steal and then sell those items to get money for that drug addiction"; and A.W. "is not a credible witness." (Emphasis added). The State did not object to these statements.

10

admitted if the crime was a felony or involved moral turpitude and other requirements (not at issue here) are met." *Id.* (citing TEX. R. EVID. 609(a)). The proponent of the offered evidence "has the burden of demonstrating that the probative value of a conviction substantially outweighs its prejudicial effect." *Id.* (citing THEUS V. STATE, 845 S.W.2d 874, 880 (Tex. Crim. App. 1992)).

As the proponent of the evidence, Macias had the burden of demonstrating that the probative value of A.W.'s prior conviction substantially outweighed its prejudicial effect. *See id.* However, on appeal, Macias neither claims that he met his burden nor addresses any factors showing that the probative value of this evidence outweighed its prejudicial effect. *See id.* Without substantive legal analysis of this issue, we are unable to conclude that the trial court acted outside the zone of reasonable disagreement by excluding Macias's proffered evidence of A.W.'s prior conviction of theft. *See id.* Therefore, we overrule Macias's fourth issue. *See id.*; *see also* TEX. R. APP. P. 38.1(i).

## VI. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
21st day of April, 2022.

11