**Russell Glen THOMAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–90–00484–CR.

Court of Appeals of Texas, Dallas.

May 7, 1991.

Rehearing Denied July 15, 1991.

Keith E. Jagmin, Dallas, for appellant.

Kathleen A. Walsh, Dallas, for appellee.

Before BAKER, KINKEADE, and BURNETT, JJ.

## OPINION

KINKEADE, Justice.

Russell Glen Thomas appeals his conviction for aggravated robbery. Thomas's first trial ended in a mistrial. Upon retrial, a jury convicted Thomas and assessed his

punishment at fifteen years' confinement. Thomas argues that the trial court erred when it overruled his plea of former jeopardy and overruled his objection to the prosecutor's jury argument. He further argues that his trial counsel provided ineffective assistance. Because Thomas's counsel provided ineffective assistance and there is a reasonable probability that, but for counsel's unprofessional errors, a different outcome to the proceeding would have occurred, we reverse the trial court's judgment and remand for a new trial.

## FACTUAL AND PROCEDURAL HISTORY

At his second trial, the jury convicted Thomas of the aggravated robbery of a restaurant owner. At his first trial, Thomas admitted being in the restaurant during the robbery, but denied participation in it and identified his companion as the robber. The restaurant owner testified that Thomas demanded money from the cash register and hit him in the face several times with a gun. Thomas contested the issue of his intent to rob by testifying that he struck the restaurant owner in the face with his fist to try to get out of a "bad situation."

In its charge, the court instructed the jury on the law of aggravated robbery and the lesser-included offenses of robbery and assault. The court further instructed the jury to consider each of these offenses one at a time and in order from greatest to least. If they had a reasonable doubt that Thomas was guilty of that offense, the court told the jury to consider whether Thomas was guilty of the lesser-included offense. Finally, the court instructed the jury that if they had a reasonable doubt that Thomas was guilty of the lesser-included offense of assault, they should acquit him.

During deliberations, the jury sent several notes to the trial court. Two of the notes informed the court that the jury stood at an eleven-to-one count and requested guidance. After further deliberations, the jury sent the following note: "Your Honor, the twelve jurors feel that there was an assault with a deadly weapon or an aggravated assault. Are we restrict-ed to only the four choices on the verdict sheet or is there such a charge?" Thomas moved the court to consider this note a "special verdict" of acquittal. The court denied that motion, instructed the jury that the only verdicts available to them were those submitted in the charge, and directed the jury to continue deliberations. Later, the jury sent out a note that stated:

> The jury remains deadlocked at 11–1. The eleven are firmly convinced of the guilt of Russell Thomas and feel he should be held accountable for his active participation in this armed robbery.
>
> The 1 is equally convinced that [there is] a reasonable doubt [as] to Russell's guilt. All 12 jurors feel that it is not possible that any juror will change their mind[ ].

The court declared a mistrial. At his second trial, Thomas filed a plea of former jeopardy, which the trial court overruled.

## PLEA OF FORMER JEOPARDY

In his first point of error, Thomas contends that the trial court erred when it overruled his plea of former jeopardy. He argues that the jury's note inquiring about the possibility of alternate charges plainly manifested an intent to acquit, citing *Antwine v. State*, 572 S.W.2d 541, 542 (Tex. Crim.App.1978) and article 37.10(a) of the Texas Code of Criminal Procedure.

Article 36.13 of the Texas Code of Criminal Procedure provides that the law received from the court binds and governs the jury. TEX.CODE CRIM.PROC.ANN. art. 36.13 (Vernon 1981). The trial court shall render judgment in accord with the jury's verdict if the verdict is informal and it manifestly appears that the jury intended to acquit. The court can instruct the jury to reconsider the verdict if it does not comply with the charge. *Muniz v. State*, 573 S.W.2d 792, 794 (Tex.Crim.App.1978), cert. denied, 442 U.S. 924, 99 S.Ct. 2850, 61 L.Ed.2d 291 (1979); *see* TEX.CODE CRIM. PROC.ANN. art. 37.10(a) (Vernon Supp.1991). An informal verdict operates as an acquittal only when the jury plainly intends it as an acquittal. *Antwine*, 572 S.W.2d at 543.

Assuming without deciding that the note at issue constituted an informal verdict, it

does not manifestly appear that the jury intended to acquit Thomas. To determine the jury's intention, we must read the two previous notes informing the court that the jury was deadlocked and the jury's last note in conjunction with the note at issue. The first two notes clearly tell the court that the jury is in disagreement. The note at issue indicates that the jury agreed that Thomas committed an aggravated assault. Although this note may indicate an intention that the jury would convict Thomas of an assault with a deadly weapon or an aggravated assault, it does not plainly show an intention by the jury to acquit Thomas of aggravated robbery. The final note further evidences the jury's intention not to acquit when it shows the court that eleven of the jurors are convinced of Thomas's guilt of aggravated robbery. In light of all four notes, it does not manifestly appear that the jury intended to acquit Thomas. Because it does not manifestly appear that the jury intended to acquit Thomas, the trial court properly overruled Thomas's plea of former jeopardy. We overrule Thomas's first point of error.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his second point of error, Thomas contends that his trial counsel rendered ineffective assistance. Thomas identifies five instances of alleged ineffective assistance of counsel. He alleges that his counsel (1) failed at his first trial to request an instruction on the lesser-included offense of aggravated assault or to object to the trial court's omission of such an instruction. He further alleges that at his second trial his counsel (2) failed to object to the trial court's granting of the State's challenge for cause of a qualified venireman, (3) improperly investigated the facts of this case and failed to file a proper motion for continuance to secure defense witnesses, (4) failed to object to testimony concerning his post-arrest silence, and (5) failed to present his plea of former jeopardy to the jury.

■ A defendant's right to effective assistance of counsel merely ensures him the right to reasonably effective assistance.

The right does not mean errorless counsel. *Bridge v. State*, 726 S.W.2d 558, 571 (Tex. Crim.App.1986). To establish ineffective assistance of counsel, the defendant must show (1) a deficiency in his counsel's performance and (2) that the deficiency prejudiced his defense. *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986) (adopting test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). First, the court must determine whether defense counsel's acts or omissions were outside the range of professional competent assistance. Second, the court must determine whether, but for counsel's unprofessional errors, a different outcome to the proceeding would have occurred. A reasonable probability of a different outcome means a probability sufficient to undermine confidence in the outcome. *Washington v. State*, 771 S.W.2d 537, 545 (Tex.Crim.App. 1989). To determine whether a defendant has received adequate assistance, this Court must look at the totality of the representation rather than isolated acts or omissions of the trial counsel. We apply the test as of the time of trial and not through hindsight. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App.1986), cert. denied, 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). The defendant must prove ineffective assistance of counsel by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App.1985).

#### *Post-arrest Silence*

■ Thomas's fourth ineffective assistance claim is dispositive of this issue. In his fourth ineffective assistance claim, Thomas complains that his counsel failed to object to the prosecutor's references to Thomas's post-arrest silence. Thomas testified that he did not participate in the robbery, but that he hit the restaurant owner to get out of a "bad situation." At the time of his arrest, Thomas never told this exculpatory story or any other story to the police.

At trial, after relating this story on direct examination, the prosecutor during cross-examination questioned Thomas about "whether or not it is a fact that this

story you told during direct examination, your testimony during direct examination, you never told the police." Thomas's counsel objected to the prosecutor's use of the sidebar comment "the story," which the court overruled. The prosecutor continued this line of questioning without objection until Thomas finally admitted that he had not told anyone this story until the trial. Finally, during his jury argument, after alluding to Thomas's story again, the prosecutor without objection argued: "He never tells this story to the police. He never tells this story to the jailers. He never tells anybody the story."

■■■ The use for impeachment purposes of defendant's silence after his arrest and after receiving a "Miranda" warning violates the due process clause of the Fourteenth Amendment of the United States Constitution. *Doyle v. Ohio*, 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976). In Texas, the use for impeachment purposes of defendant's post-arrest, "pre-Miranda" warning silence also violates the defendant's Texas constitutional privilege against self-incrimination and is improper from an evidentiary standpoint. *Sanchez v. State*, 707 S.W.2d 575, 578–82 (Tex.Crim. App.1986). Comments on a defendant's post-arrest silence fall into three categories:

1) Reversible error, even if the exculpatory story is totally implausible, when the prosecutor, in an attempt to impeach the defendant, links the implausibility of the defendant's exculpatory story to his seemingly inconsistent post-arrest silence.

2) Reversible error, only if the exculpatory story is not totally implausible or evidence of guilt not overwhelming, when the prosecutor does not link the defendant's exculpatory story to his post-arrest silence and refrains from further commenting on the post-arrest silence or referring to it again.

3) Harmless error, when the prosecutor makes only one reference to the defendant's post-arrest silence and neither repeats nor links that silence to his exculpatory story, and the exculpatory story is totally implausible and other evidence of guilt is overwhelming.

*Buitureida v. State*, 684 S.W.2d 133, 142 (Tex.App.—Corpus Christi 1984, pet. ref'd) (citing *Chapman v. United States*, 547 F.2d 1240, 1249–50 (5th Cir.), *cert. denied*, 431 U.S. 908, 97 S.Ct. 1705, 52 L.Ed.2d 393 (1977)).

Here the prosecutor's questions to Thomas and his comments during jury argument fall into the first category. The prosecutor's questions on cross-examination and his comments during jury argument directly linked the implausibility of Thomas's exculpatory story to Thomas's inconsistent act of remaining silent after arrest. Even if Thomas's story is transparently frivolous, the prosecutor's questions to Thomas and comments to the jury constitute reversible error. Thomas's counsel's failure to object to this reversible error caused his performance to fall outside the range of professional competent assistance.

■■■ We must now determine whether, but for counsel's unprofessional error, a different outcome to the proceeding would have occurred. The prosecutor's questions to Thomas and comments to the jury constitute reversible error and that error is per se harmful. *See Buitureida*, 684 S.W.2d at 142. Since the error is per se harmful, a reasonable probability exists that, but for counsel's failure to object, a different outcome to the proceeding would have occurred. We sustain Thomas's second point of error.

Because of our disposition of Thomas's second point of error, we need not address his third point of error. We reverse the trial court's judgment and remand for a new trial.