William DOYLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–92–00293–CR.

Court of Appeals of Texas,
Tyler.

March 31, 1994.

Dan Scarbrough, Palestine, for appellant.

Randy Sikes, Asst. Dist. Atty., Palestine, for appellee.

HOLCOMB, Justice.

This appeal arises from a jury verdict of guilty, assessing punishment at twenty-five years, for the aggravated assault of a prison official. We will affirm.

Appellant brings three points of error. First, he argues that the State should not have been allowed to bring a witness to rebut unforeseen testimony by Appellant himself, because the witness had not been disclosed as required by the court's discovery order. Second, he argues that two officers should not have been allowed to give testimony as to their opinion of whether Appellant's acts were intentional or accidental since Appellant's culpable mental state was a fact ques-tion for the jury. Third, Appellant argues that he received ineffective assistance of counsel because his counsel failed to object when the State tried to link the implausibility of Appellant's version of the events with his silence when asked if he needed medical aid.

■ The State produced evidence that Appellant was being taken, by a prison guard, Townley, to a hearing about a spitting incident. On the way Appellant first struck Townley and then grabbed him and struck him several more times. Appellant testified that he had been taken to the "day room" for the hearing but that Townley and several officers assaulted him, causing a broken finger, busted lip, broken nose, a cut on his forehead, and multiple bruises and contusions. Appellant claimed that he was bleeding profusely, was not taken to the infirmary as required by prison rules, and was refused medical attention. The State called a nurse, a previously undisclosed witness, in rebuttal to say that Appellant had refused medical attention in the infirmary and had no visible signs of any of the alleged injuries. Appellant objected that the undisclosed witness should not be allowed to testify. The trial court ruled that it was not reasonable for the State to anticipate needing this witness to rebut testimony that it could not foresee, that is, Appellant's significantly different version of the events.

■ Absent a showing of bad faith by the State, bringing a witness for the sole purpose of rebutting unforeseen testimony is proper. *Hightower v. State,* 629 S.W.2d 920, 925 (Tex. Cr.App.1981); *Hoagland v. State,* 494 S.W.2d 186, 189 (Tex.Cr.App.1973); *Gowin v. State,* 760 S.W.2d 672, 674 (Tex.App.—Tyler 1988, no pet.). Until Appellant testified to facts that were diametrically opposed to the State's understanding of the events, it was not reasonable for the State to anticipate needing the nurse's testimony. It would be impractical for the State to anticipate all scenarios that a defendant might claim and for the State to designate possible rebuttal witnesses for each of them. *Hoagland,* 494 S.W.2d at 189. Appellant's point of error one is overruled.

■ The State called two prison guards to testify about the assault; they both testified, over Appellant's objection, that the blows delivered by Appellant were intentional. Appellant argues that it is error to allow a witness to give his opinion of Appellant's culpable mental state since that is an ultimate fact issue for the jury. *Hemphill v. State,* 505 S.W.2d 560 (Tex.Cr.App.1974); *Klein v. State,* 662 S.W.2d 166 (Tex.App.— Corpus Christi 1983, no pet.). In *Klein* the witness was asked if the defendant's failure to slow a boat was intentional; over objection, he said it was. The *Klein* court relied on *Hemphill* for the point that the jury is to determine the ultimate fact question of the defendant's culpable mental state and it was error to allow opinion testimony on that fact question. *Klein,* 662 S.W.2d at 168.

We do not agree that *Hemphill* controls this issue. In *Hemphill* the jury was asked to determine if the victim had been shot intentionally or by accident. The court said, "Proof that the appellant deliberately pointed a deadly weapon at deceased and shot him is sufficient to authorize the jury to find malice." *Hemphill,* 505 S.W.2d at 562. *Hemphill* is based on the fact that the record showed that the Hemphill had "deliberately" pointed the weapon. The opinion does not recite the testimony which establishes that the act was deliberate; it accepts it as admissible and not an invasion of the province of the jury. We can discern no difference in the inferred testimony of *Hemphill* and the testimony in this case which showed that the blow was intentionally (deliberately) directed at the victim. Further, Texas Rules of Criminal Evidence 701 allows a lay witness to give an opinion if "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." We believe that a prison guard, trying to explain what he saw can give an opinion on whether a blow with a fist is intentional or accidental. It is a shorthand description of the event and rationally based on what was seen. The trial court did not err by allowing the testimony. Point of error two is overruled.

■ Appellant argues that his counsel was ineffective because she did not object to the linkage of Appellant's exculpatory version of events with his silence when offered medical attention. The State linked Appellant's refusal of medical attention with his story that he had been severely beaten, had a broken finger, a broken nose, and was bleeding from his "busted" lip. The linkage was between two stories, one which claimed open and obvious injuries and a refusal to take him to the infirmary and the other that when he was taken to the infirmary he had no obvious signs of injury and that he refused to submit to a physical examination. Appellant cites *Thomas v. State,* 812 S.W.2d 346 (Tex. App.—Dallas 1991, pet. ref'd) to show ineffective assistance of counsel. The facts of this case and *Thomas* are distinguishable. In *Thomas* the comment on the silence was an improper comment on the defendant's State and Federal privilege against self-incrimination. *Thomas,* 812 S.W.2d at 349–50. In this case the comment on Appellant's silence in the infirmary was properly directed at the issue of whether he was in the infirmary at all and toward the credibility of his testimony that he was severely injured and needed treatment but that he refused to allow medical treatment when it was tendered. The silence also explains why there was no medical record of injuries when prison rules require a prisoner be taken to the infirmary after every "major use of force." The question to Appellant and the State's argument to the jury were proper and the failure to object to that which is unobjectionable is not ineffective assistance of counsel. *Johnson v. State,* 691 S.W.2d 619, 626 (Tex. Cr.App.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 152 (1985); *Quiroz v. State,* 764 S.W.2d 395, 399 (Tex.App.—Fort Worth 1989, pet. ref'd). Appellant has failed to meet his burden of proof that his counsel was ineffective. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53 (Tex.Cr.App.1986). Point of error three is overruled.

The judgment of the trial court is affirmed.