TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00612-CR






Kenneth Neuman, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 98-3779, HONORABLE TOM BLACKWELL, JUDGE PRESIDING






 A jury found appellant Kenneth Neuman guilty of aggravated assault with a deadly
weapon. See Tex. Penal Code Ann. § 22.02(a) (West 1994). The district court assessed
punishment, enhanced by a previous felony conviction, at thirty-five years in prison. Appellant
raises one evidentiary issue contending that the district court abused his discretion in allowing
"speculation and opinion testimony [about] appellant's intent to cause injury or death." We will
affirm the judgment of conviction. (1)


Background


 In late 1995, appellant and his wife, Cynthia Neuman, separated. Because
appellant continually bothered Cynthia, she obtained a protective order to keep appellant away
from her for a year. On January 27, 1996, Cynthia was driving home when she noticed appellant
in his pickup truck behind her at an intersection. As Cynthia recalled the incident, appellant first
came up beside her and then pulled in front of her blocking her way so that she could not move
forward. Appellant then turned his truck around in the intersection, accelerated toward her, and
rammed the driver's side of her car. Appellant continued to push Cynthia's car towards the edge
of an overpass. Cynthia believed that appellant was trying to push her car off the overpass. She
accelerated and turned the wheel, which caused both her car and appellant's truck to spin and
break free. She backed down an entrance ramp and drove away. She stopped and asked the
driver of a truck, Derwood Kirby, stopped at a nearby traffic light if he had seen the incident. 
He replied that he had and accompanied Cynthia to a convenience store where she called the
police. Cynthia suffered a bruised shoulder and knees, a knot on her forehead, and sore muscles. 
Her car was damaged and appellant's truck bumper came off and was stuck under her car.


Discussion


 In his sole issue, appellant contends that "the trial court abused its discretion in
allowing opinion testimony by lay witnesses and unsubstantiated speculation testimony without
any basis in the evidence." 

 Appellant complains about the following portion of Cynthia's direct examination:


[Prosecutor]: And in his attempts to ram you, was he trying to push you off the
bridge that you were on?


[Cynthia]: Yes.


[Defense]: Objection, Your Honor.


[The Court]: Will be overruled. 



Additionally, appellant complains about the following portion of Kirby's direct examination:


[Prosecutor]: Did you make a remark to your wife about what you were seeing?


[Kirby]: Yeah.


[Prosecutor]: What did you say?


[Kirby]: Initially, I said, "Whoa, that was a bad accident," and after it kept
happening, I go, you know, just a remark, "Oh, that guy's trying to kill her, he's
trying to push her off the bridge." I didn't know if it was a guy or whatever, but
that car was --


[Defense]: Objection, Your Honor, to speculation on intent. 


[Prosecutor]: Judge, I --


[The Court]: I'll overrule the objection. Exception to the hearsay rule. 



Appellant contends that because the witnesses were testifying about appellant's intent to cause
injury or death, about which they had no personal knowledge, the evidence was admitted in
violation of Texas Rule of Evidence 602.

 The State responds that (1) appellant waived error with respect to both portions of
testimony; (2) both portions were admissible under Texas Rule of Evidence 701 addressing
opinion testimony by lay witnesses; or (3) any error in the admission of the evidence was
harmless.


Waiver

 Regarding Cynthia's testimony, appellant did not make a specific objection. See
Tex. R. App. P. 33.1. A general objection is insufficient to preserve error unless the grounds for
the objection are otherwise made known to the court. See Snellen v. State, 923 S.W.2d 238, 241
(Tex. App.--Texarkana 1996, pet. ref'd). Appellant's statement, "objection," did not inform the
court about the grounds for appellant's objection, therefore, appellant waived this complaint.
Regarding Kirby's testimony, the State concedes that appellant's objection, "speculation,"
apprised all the parties of appellant's complaint. The State contends, however, that the same
testimony was admitted earlier in the proceeding without objection, therefore, any error was
waived.

 Earlier in the proceeding, Kirby gave his impression about the incident, 


At first it was an accident, that's what I thought, whoa, that was a bad accident,
and then it proceeded. I thought to myself, whoa, usually an accident, it stops and
people get out and, you know, see the damage. But it didn't stop, you know, and
it kept going. So I go, I thought to myself a thought and I thought, well, looks like
that truck is pushing the car, you know, it looks like it's going to push the car off
the bridge.



Appellant did not raise an objection to this portion of the testimony. Because the record
establishes that Kirby testified earlier in the proceeding without objection that he thought the truck
was going to push Cynthia's car off the overpass, appellant waived error, if any, regarding this
portion of Kirby's testimony. See Johnson v. State, 803 S.W.2d 272 (Tex. Crim. App. 1990). 


Rule 602 and Rule 701

 Even if appellant did not waive error we conclude that the portions of the testimony
about which appellant complains were properly admitted opinion testimony of lay witnesses under
Rule 701. 

 Rule 602 provides in relevant part, "[a] witness may not testify to a matter unless
evidence is introduced sufficient to support a finding that the witness has personal knowledge of
the matter." Tex. R. Evid. 602. Rule 701 provides in relevant part,


[i]f the witness is not testifying as an expert, the witness' testimony in the form of
opinions or inferences is limited to those opinions or inferences which are (a)
rationally based on the perception of the witness and (b) helpful to a clear
understanding of the witness' testimony or the determination of a fact in issue.



Tex. R. Evid. 701. Whether an opinion meets the fundamental requirements of Rule 701 is within
the trial court's discretion and a decision regarding admissibility should be overturned only if the
court abuses its discretion. Fairow v. State, 943 S.W.2d 895, 901 (Tex. Crim. App. 1997).

 The perception requirement of Rule 701 is consistent with the personal knowledge
requirement of Rule 602. Id. at 898. It requires the proponent of lay-opinion testimony to
establish that the witness has personal knowledge of the events upon which his opinion is based. 
Id. Personal knowledge often comes directly from a witness' senses. Id. By requiring that the
testimony be based upon the witness' perception, Rule 701 presumes the underlying facts were
observed or experienced by the witness. See Bigby v. State, 892 S.W.2d 864, 889 (Tex. Crim.
App. 1994). An opinion will satisfy the personal knowledge requirement if it is an interpretation
of the witness' objective perception of events. Fairow, 943 S.W.2d at 899 (citing Doyle v. State,
875 S.W.2d 21, 23 (Tex. App.--Tyler 1994, no pet.)). Therefore, while a lay witness cannot
possess personal knowledge of a defendant's mental state, the lay witness may possess personal
knowledge of facts from which an opinion about a defendant's mental state may be drawn. Id. 
Once a lay-opinion witness establishes personal knowledge of the facts underlying the opinion,
the witness has satisfied the perception requirement of Rule 701 even if the opinion concerns a
culpable mental state. Id. 

 Both Cynthia and Kirby testified about their personal observations; Cynthia was
involved and Kirby observed the incident. Although Cynthia and Kirby did not have personal
knowledge of appellant's mental state when he rammed his truck into the driver's side of
Cynthia's car, they did see the incident and were qualified to give an opinion based on their
perception of the event.

 The second prong of Rule 701 requires that the opinion be helpful to the fact finder
to either understand the witness' testimony or to determine a fact at issue. See Fairow, 943
S.W.2d at 900; Tex. R. Evid. 701. "While there is no bright line indicating when an opinion is
helpful, general evidentiary considerations of relevance and balancing will invariably assist the
trial judge in making his determination." Fairow, 943 S.W.2d at 900. Opinions concerning
events that are difficult or impossible to describe are helpful as a "shorthand rendition" of the
facts. Id. Cynthia's and Kirby's opinions were helpful as short-hand renditions of the facts. We
conclude that the district court did not abuse his discretion in overruling appellant's objections. 



Harm

 Finally, even if the evidence complained of was improperly admitted, the jury only
had to find that appellant acted--in his assault with a deadly weapon--with the requisite intent to
commit assault; that is, he acted intentionally, knowingly or recklessly. See Tex. Penal Code
Ann. § 22.02 (a) (West 1994). Whether appellant was trying to push Cynthia's car off the
overpass or trying to kill her was irrelevant for proving aggravated assault with a deadly weapon. 
That appellant intentionally rammed his truck into the driver's side of Cynthia's car was
uncontroverted.

 Appellant's issue is overruled and the conviction is affirmed.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: October 21, 1999

Do Not Publish

1.   This is appellant's second conviction for this conduct. His first conviction was reversed and
that cause was remanded for a new trial because the State failed to comply with the notice
requirements of Texas Rule of Evidence 404(b). See Neuman v. State, 951 S.W.2d 538 (Tex.
App.--Austin 1997, pet. ref'd).


ts the fundamental requirements of Rule 701 is within
the trial court's discretion and a decision regarding admissibility should be overturned only if the
court abuses its discretion. Fairow v. State, 943 S.W.2d 895, 901 (Tex. Crim. App. 1997).

 The perception requirement of Rule 701 is consistent with the personal knowledge
requirement of Rule 602. Id. at 898. It requires the proponent of lay-opinion testimony to
establish that the witness has personal knowledge of the events upon which his opinion is based. 
Id. Personal knowledge often comes directly from a witness' senses. Id. By requiring that the
testimony be based upon the witness' perception, Rule 701 presumes the underlying facts were
observed or experienced by the witness. See Bigby v. State, 892 S.W.2d 864, 889 (Tex. Crim.
App. 1994). An opinion will satisfy the personal knowledge requirement if it is an interpretation
of the witness' objective perception of events. Fairow, 943 S.W.2d at 899 (citing Doyle v. State,
875 S.W.2d 21, 23 (Tex. App.--Tyler 1994, no pet.)). Therefore, while a lay witness cannot
possess personal knowledge of a defendant's mental state, the lay witness may possess personal
knowledge of facts from which an opinion about a defendant's mental state may be drawn. Id. 
Once a lay-opinion witness establishes personal knowledge of the facts underlying the opinion,
the witness has satisfied the perception requirement of Rule 701 even if the opinion concerns a
culpable mental state. Id. 

 Both Cynthia and Kirby testified about their personal observations; Cynthia was
involved and Kirby observed the incident. Although Cynthia and Kirby did not have personal
knowledge of appellant's mental state when he rammed his truck into the driver's side of
Cynthia's car, they did see the incident and were qualified to give an opinion based on their
perception of the event.

 The second prong of Rule 701 requires that the opinion be helpful to the fact finder
to either understand the witness' testimony or to determine a fact at issue. See Fairow, 943
S.W.2d at 900; Tex. R. Evid. 701. "While there is no bright line indicating when an opinion is
helpful, general evidentiary considerations of relevance and balancing will invariably assist the
trial judge in making his determination." Fairow, 943 S.W.2d at 900. Opinions concerning
events that are difficult or impossible to describe are helpful as a "shorthand rendition" of the
facts. Id. Cynthia's and Kirby's opinions were helpful as short-hand renditions of the facts. We
conclude that the district court did not abuse his discretion in overruling appellant's objections. 



Harm

 Finally, even if the evidence complained of was improperly admitted, the jury only
had to find that appellant acted--in his assault with a deadly weapon--with the requisite intent to
commit assault; that is, he acted intentionally, knowingly or recklessly. See Tex. Penal Code
Ann. § 22.02 (a) (West 1994). Whether appellant was trying to push Cynthia's car off the
overpass or trying to kill her was irrelevant for proving aggravated assault with a deadly weapon. 
That appellant intentionally rammed his truck into the driver's side of Cynthia's car was
uncontroverted.

 Appellant's issue is overruled and the conviction is affirmed.



 

 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: October 21, 1999

Do Not Publish

1.   This is appellant's second conviction for this conduct. His first conviction was reversed and
that cause was remanded for a new tr