COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO. 2-07-392-CR

 

 

PRAIDER SHELTON, III                                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury
convicted Appellant Praider Shelton, III of possession of a prohibited weapon
and sentenced him as a habitual offender to twenty-seven and one-half years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  Appellant brings two points on
appeal, challenging the denial of his Batson[2]
challenge and the trial court=s
overruling of his objection to a police officer=s
testimony about the purpose of shortening the barrel of a shotgun.  Because we hold that the trial court did not
err, we affirm the trial court=s judgment.

                                         Batson
Challenge

In his
first point, Appellant contests the trial court=s denial
of his Batson challenge. 
Appellant raised a Batson challenge when the State exercised a
peremptory strike on venire member number eleven, an African-American
woman.  Appellant is
African-American.  This court has
previously explained that

[t]he Equal Protection Clause of the Fourteenth Amendment to the United
States Constitution prohibits race‑based jury selection.  When reviewing a trial court=s
finding with regard to a Batson challenge, an appellate court reverses
the ruling only if it appears clearly erroneous.  Because a trial court is in a unique position
to make such a determination, the judge=s
decision is accorded great deference.

Once a party raises a Batson
challenge, the trial court must engage in a three‑step inquiry.  First, the defendant must make a prima facie
showing of racial discrimination and thus carries a burden of production.  Second, the burden of production shifts to
the State to present a racially neutral explanation for its challenged
strike.  Finally, the trial judge rules
on whether the neutral reasons given for the peremptory challenge were
contrived to conceal racially discriminatory intent.[3]








The
State announced that it had struck number eleven because she had been arrested
for assault bodily injury two times in Tarrant County, as recently as six
months before Appellant=s trial.  In addition the prosecutor told the trial
court judge, AShe did not look interested in
being here, did not make eye contact with me. 
There was just no C just was not clicking with me
during my voir dire.@ 
Appellant=s counsel pointed out that most
jurors were not particularly interested in voir dire, and most did not make eye
contact.  Additionally, a Caucasian woman
on the panel also had a criminal record but was not struck by the State.

The
trial court overruled Appellant=s
objection to the peremptory strike, finding the ground to be race-neutral and
apparently distinguishing the convictions of number eleven from those of the
Caucasian veniremember by the fact that number eleven=s most
recent arrest had occurred in April, only six months before trial.  According the trial court the deference
required by law, we hold that the trial court=s
decision was not clearly erroneous.  We
therefore overrule Appellant=s first
point.

               The Officer=s
Testimony About the Sawed-Off Shotgun








In his
second point, Appellant argues that the trial court reversibly erred by
permitting the State to solicit speculative testimony about the purpose of
altering a shotgun to shorten the barrel and the stock to create a sawed-off
shotgun.  Although the rules of evidence
contain no rule of admissibility for speculative testimony, the rules do
address opinion evidence.[4]  An objection that a question calls for
speculation is an objection that the question calls for an opinion outside the
personal knowledge of the witness, and such an objection thus implicates rules
of evidence 602 and 701.[5]

The
following exchange took place:

[PROSECUTOR:]  And during your experience C we talked about firearms
C being experienced in
firearms and C have you ever had the
occasion to come across weapons that are sawed off?

 

[OFFICER SELVEY:]  Certainly, yes, ma=am.

 

[PROSECUTOR:]  And what=s been your experience with that?

 

[OFFICER SELVEY:]  Well, being down at the range, we=ve had several guns come
through there that may be scheduled for destruction or something like that that
we=ll take a look at and
just look at for experience.

 

[PROSECUTOR:]  Okay. 
And when you=re out in the field
responding to calls and things like that, have you had the, I guess,
opportunity to observe sawed-off weapons.

 

[OFFICER SELVEY:]  Yes.

 

[PROSECUTOR:]  Okay. 
And in your experience, what is the purpose of having a sawed-off weapon
or sawing off the barrel of a weapon?








[DEFENSE COUNSEL]:  Objection, Your Honor.  Speculation.

 

[JUDGE]:  I=ll overrule the objection.

 

[PROSECUTOR:]  You may answer, Officer.

 

[OFFICER SELVEY:]  Sorry. 
Mainly the purpose of sawing off a weapon like that is for
concealment.  Also for C disperse of a shotgun
pellet or something that might be coming out of the end.  The spread pattern would be a little bit
wider.

 

[PROSECUTOR:]  Is it easier to handle?

 

[OFFICER SELVEY:]  Much easier. 
It=s a little bit lighter,
sure.

 

Appellant
complains only of the question asking the officer to state the purpose of
having a sawed-off weapon or sawing off the barrel of a weapon.  Appellant does not complain of the testimony
regarding objective observations.








In this
case, Appellant properly preserved his complaint.  We point out that the officer was not
testifying as an expert because she was never qualified as an expert on the
reason for shortening the barrel or stock of a shotgun.  The officer testified, however, that she had
dealt with sawed-off shotguns on the firing range and in the field when
investigating crimes.  Because of her
personal observations on the firing range and in the field, the officer was
qualified to offer a lay opinion on the result, if not the purpose, of altering
a shotgun in this manner.[6]  She testified that the sawed-off shotgun was
a little lighter and, therefore, a little easier to handle and would have a
slightly wider spread pattern.  This
testimony, based on her experiences, was properly admitted.[7]

She also
testified, however, that the purpose of modifying a shotgun to shorten the
barrel and the stock is for concealment. 
In Fairow, the Texas Court of Criminal Appeals held that a lay
opinion regarding the culpable mental state with which an act was committed is
admissible under rule 701 as long as the proponent of the opinion establishes
personal knowledge of the facts underlying that opinion.[8]  The court explained:








An opinion will satisfy
the personal knowledge requirement if it is an interpretation of the witness=s objective perception of
events (i.e. his own senses or experience) . . . .  [W]hile a witness cannot possess personal
knowledge of another=s mental state, he may
possess personal knowledge of facts from which an opinion regarding mental
state may be drawn.  The jury is then
free to give as much or as little weight to the opinion as it sees fit.[9]

 

Based on
the record before us, the officer was not qualified to testify to the thought
processes of a third party, Appellant, to explain what Appellant was trying to
accomplish by altering the shotgun.[10]  But we do not understand the question to be
inquiring about Appellant=s thought processes, in part
because there was no evidence about who altered the gun.  Instead, we believe that the question sought
an explanation of what would be accomplished by sawing off the barrel of a
shotgun.  And the question was
specifically limited to the officer=s
experience.  On these facts, the trial
court did not err by overruling Appellant=s
objection.  We overrule Appellant=s second
point.








                                             Conclusion

Having
overruled both of Appellant=s
points, we affirm the trial court=s
judgment.

 

LEE ANN DAUPHINOT

JUSTICE

 

 

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

CAYCE,
C.J. concurs without opinion.

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

DELIVERED:  March 12, 2009

 











[1]See Tex. R. App. P. 47.4.





[2]Batson v. Kentucky, 476 U.S. 79, 106 S. Ct.
1712 (1986).





[3]Montgomery v. State, 198 S.W.3d 67, 76 (Tex.
App.CFort Worth 2006, pet. ref=d) (citations omitted).





[4]See, e.g., Tex. R. Evid. 701B05.





[5]Tex. R. Evid. 602, 701; Fairow
v. State, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997).





[6]See Tex. R. Evid. 701 (AIf the witness is not
testifying as an expert, the witness= testimony in the form of opinions or inferences
is limited to those opinions or inferences which are (a) rationally based on
the perception of the witness and (b) helpful to a clear understanding of the
witness= testimony or the
determination of a fact in issue.@); Barnes v. State, 248 S.W.3d 217, 223
(Tex. App.CHouston [1st Dist.] 2007,
pet. stricken) (ACase law recognizes that
police officers may properly testify concerning knowledge acquired through
experience.  Settled precedent under
rules 401 and 402 thus recognizes that a police officer may provide opinion
testimony pursuant to rule 701 if it is based on his personal observations and
experiences.A) (citations omitted).





[7]See Jones v. State, 843 S.W.2d 92, 99 (Tex.
App.CDallas 1992, pet. ref=d).





[8]Fairow, 943 S.W.2d at 899.





[9]Id. (citations omitted); see
also McKinney v. State, 59 S.W.3d 304, 311B12 (Tex. App.CFort Worth 2001, pet. ref=d), cert. denied,
536 U.S. 968 (2002).





[10]See Fairow, 943
S.W.2d at 899; McKinney, 59 S.W.3d at 311B12.  But see Doyle v. State, 875 S.W.2d 21,
23 (Tex. App.CTyler 1994, no pet.)
(holding that prison guards could give opinion whether blow was intentional or
accidental because they witnessed attack and were qualified to give an opinion
based on their perception).