

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-07-392-CR

PRAIDER SHELTON, III                                           APPELLANT

V.

THE STATE OF TEXAS                                                 STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

### MEMORANDUM OPINION[1]

------------

A jury convicted Appellant Praider Shelton, III of possession of a prohibited weapon and sentenced him as a habitual offender to twenty-seven and one-half years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant brings two points on appeal, challenging the denial of his *Batson*[2] challenge and the trial court's overruling

---

[1] *See* Tex. R. App. P. 47.4.

[2] *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986).

of his objection to a police officer's testimony about the purpose of shortening the barrel of a shotgun. Because we hold that the trial court did not err, we affirm the trial court's judgment.

## *Batson* Challenge

In his first point, Appellant contests the trial court's denial of his *Batson* challenge. Appellant raised a *Batson* challenge when the State exercised a peremptory strike on venire member number eleven, an African-American woman. Appellant is African-American. This court has previously explained that

> [t]he Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prohibits race-based jury selection. When reviewing a trial court's finding with regard to a *Batson* challenge, an appellate court reverses the ruling only if it appears clearly erroneous. Because a trial court is in a unique position to make such a determination, the judge's decision is accorded great deference.
>
> Once a party raises a *Batson* challenge, the trial court must engage in a three-step inquiry. First, the defendant must make a prima facie showing of racial discrimination and thus carries a burden of production. Second, the burden of production shifts to the State to present a racially neutral explanation for its challenged strike. Finally, the trial judge rules on whether the neutral reasons given for the peremptory challenge were contrived to conceal racially discriminatory intent.[3]

---

[3] *Montgomery v. State*, 198 S.W.3d 67, 76 (Tex. App.—Fort Worth 2006, pet. ref'd) (citations omitted).

2

The State announced that it had struck number eleven because she had been arrested for assault bodily injury two times in Tarrant County, as recently as six months before Appellant's trial. In addition the prosecutor told the trial court judge, "She did not look interested in being here, did not make eye contact with me. There was just no — just was not clicking with me during my voir dire." Appellant's counsel pointed out that most jurors were not particularly interested in voir dire, and most did not make eye contact. Additionally, a Caucasian woman on the panel also had a criminal record but was not struck by the State.

The trial court overruled Appellant's objection to the peremptory strike, finding the ground to be race-neutral and apparently distinguishing the convictions of number eleven from those of the Caucasian veniremember by the fact that number eleven's most recent arrest had occurred in April, only six months before trial. According the trial court the deference required by law, we hold that the trial court's decision was not clearly erroneous. We therefore overrule Appellant's first point.

**The Officer's Testimony About the Sawed-Off Shotgun**

In his second point, Appellant argues that the trial court reversibly erred by permitting the State to solicit speculative testimony about the purpose of altering a shotgun to shorten the barrel and the stock to create a sawed-off

3

shotgun. Although the rules of evidence contain no rule of admissibility for speculative testimony, the rules do address opinion evidence.[4] An objection that a question calls for speculation is an objection that the question calls for an opinion outside the personal knowledge of the witness, and such an objection thus implicates rules of evidence 602 and 701.[5]

The following exchange took place:

[PROSECUTOR:] And during your experience — we talked about firearms — being experienced in firearms and — have you ever had the occasion to come across weapons that are sawed off?

[OFFICER SELVEY:] Certainly, yes, ma'am.

[PROSECUTOR:] And what's been your experience with that?

[OFFICER SELVEY:] Well, being down at the range, we've had several guns come through there that may be scheduled for destruction or something like that that we'll take a look at and just look at for experience.

[PROSECUTOR:] Okay. And when you're out in the field responding to calls and things like that, have you had the, I guess, opportunity to observe sawed-off weapons.

[OFFICER SELVEY:] Yes.

[PROSECUTOR:] Okay. And in your experience, what is the purpose of having a sawed-off weapon or sawing off the barrel of a weapon?

---

[4] *See, e.g.*, Tex. R. Evid. 701–05.

[5] Tex. R. Evid. 602, 701; *Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997).

[DEFENSE COUNSEL]: Objection, Your Honor. Speculation.

[JUDGE]: I'll overrule the objection.

[PROSECUTOR:] You may answer, Officer.

[OFFICER SELVEY:] Sorry. Mainly the purpose of sawing off a weapon like that is for concealment. Also for — disperse of a shotgun pellet or something that might be coming out of the end. The spread pattern would be a little bit wider.

[PROSECUTOR:] Is it easier to handle?

[OFFICER SELVEY:] Much easier. It's a little bit lighter, sure.

Appellant complains only of the question asking the officer to state the purpose of having a sawed-off weapon or sawing off the barrel of a weapon. Appellant does not complain of the testimony regarding objective observations.

In this case, Appellant properly preserved his complaint. We point out that the officer was not testifying as an expert because she was never qualified as an expert on the reason for shortening the barrel or stock of a shotgun. The officer testified, however, that she had dealt with sawed-off shotguns on the firing range and in the field when investigating crimes. Because of her personal observations on the firing range and in the field, the officer was qualified to offer a lay opinion on the result, if not the purpose, of altering a shotgun in this

5

manner.[6]  She testified that the sawed-off shotgun was a little lighter and, therefore, a little easier to handle and would have a slightly wider spread pattern.  This testimony, based on her experiences, was properly admitted.[7]

She also testified, however, that the purpose of modifying a shotgun to shorten the barrel and the stock is for concealment.  In *Fairow*, the Texas Court of Criminal Appeals held that a lay opinion regarding the culpable mental state with which an act was committed is admissible under rule 701 as long as the proponent of the opinion establishes personal knowledge of the facts underlying that opinion.[8]  The court explained:

> An opinion will satisfy the personal knowledge requirement if it is an interpretation of the witness's objective perception of events (i.e. his own senses or experience) . . . .  [W]hile a witness cannot possess personal knowledge of another's mental state, he may possess personal knowledge of facts from which an opinion

---

[6] *See* Tex. R. Evid. 701 ("If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."); *Barnes v. State*, 248 S.W.3d 217, 223 (Tex. App.—Houston [1st Dist.] 2007, pet. stricken) ("Case law recognizes that police officers may properly testify concerning knowledge acquired through experience.  Settled precedent under rules 401 and 402 thus recognizes that a police officer may provide opinion testimony pursuant to rule 701 if it is based on his personal observations and experiences.") (citations omitted).

[7] *See Jones v. State*, 843 S.W.2d 92, 99 (Tex. App.—Dallas 1992, pet. ref'd).

[8] *Fairow*, 943 S.W.2d at 899.

regarding mental state may be drawn.  The jury is then free to give as much or as little weight to the opinion as it sees fit.[9]

Based on the record before us, the officer was not qualified to testify to the thought processes of a third party, Appellant, to explain what Appellant was trying to accomplish by altering the shotgun.[10]  But we do not understand the question to be inquiring about Appellant's thought processes, in part because there was no evidence about who altered the gun.  Instead, we believe that the question sought an explanation of what would be accomplished by sawing off the barrel of a shotgun.  And the question was specifically limited to the officer's experience.  On these facts, the trial court did not err by overruling Appellant's objection.  We overrule Appellant's second point.

---

[9] *Id.* (citations omitted); *see also McKinney v. State*, 59 S.W.3d 304, 311–12 (Tex. App.—Fort Worth 2001, pet. ref'd), *cert. denied*, 536 U.S. 968 (2002).

[10] *See Fairow*, 943 S.W.2d at 899; *McKinney*, 59 S.W.3d at 311–12. *But see Doyle v. State*, 875 S.W.2d 21, 23 (Tex. App.—Tyler 1994, no pet.) (holding that prison guards could give opinion whether blow was intentional or accidental because they witnessed attack and were qualified to give an opinion based on their perception).

**Conclusion**

Having overruled both of Appellant's points, we affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

CAYCE, C.J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 12, 2009