# NO. 12-20-00052-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FRANCES MARIE GOMEZ,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *OPINION*

Frances Marie Gomez appeals her conviction for felony driving while intoxicated. In two issues, Appellant challenges her trial counsel's effectiveness and the trial court's deadly weapon finding. We affirm.

## BACKGROUND

Appellant was charged by indictment with driving while intoxicated with three prior convictions for driving while intoxicated, and with using or exhibiting a deadly weapon during the commission of the offense.[1] She pleaded "guilty" to driving while intoxicated, "true" to the three prior convictions for driving while intoxicated, and "not true" to the deadly weapon allegation. The trial court ordered a presentence investigation report (PSI), and the matter proceeded to a bench trial to resolve the deadly weapon issue and determine Appellant's punishment.

---

[1] On an affirmative finding that a deadly weapon was used or exhibited during the commission of a felony offense, the trial court shall enter the deadly weapon finding in the judgment. TEX. CODE CRIM. PROC. ANN. art. 42A.054(b)(1)(A), (c) (West Supp. 2020). A deadly weapon finding impacts a convicted felon's eligibility for community supervision, parole, and mandatory supervision. TEX. GOV'T CODE ANN. §§ 508.145(d)(1)(B), 508.149(a)(1), 508.151(a)(2) (West Supp. 2020).

At the punishment trial, the parties called no witnesses, and the trial court took judicial notice of the PSI. After hearing the arguments of both parties, the trial court found the deadly weapon allegation "true" and assessed Appellant's punishment at imprisonment for forty-five years. This appeal followed.

<strong>I<small>NEFFECTIVE</small> A<small>SSISTANCE OF</small> C<small>OUNSEL</small></strong>

In Appellant's first issue, she argues that her trial counsel was ineffective for failing to raise any objections to the PSI and "the deadly weapon enhancement."

**Standard of Review and Applicable Law**

In reviewing an ineffective assistance of counsel claim, we follow the United States Supreme Court's two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To be successful, an appellant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.*, 466 U.S. at 688, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712.

Under the second prong, an appellant must show that the "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Tong*, 25 S.W.3d at 712. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* An appellant claiming ineffective assistance of counsel must affirmatively prove prejudice from counsel's deficient performance. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999).

Review of trial counsel's representation is highly deferential. *Tong*, 25 S.W.3d at 712. We indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. It is

Appellant's burden to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Id.*; *Tong*, 25 S.W.3d at 712. Moreover, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Rarely is the record on direct appeal sufficiently developed to fairly evaluate the merits of a claim of ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 813. Appellant must prove both prongs of the *Strickland* test by a preponderance of the evidence in order to prevail. *Tong*, 25 S.W.3d at 712.

## Analysis

Appellant observes that her trial counsel "failed to enter any objections to the PSI, most notably to the deadly weapon enhancement." She argues that such "failure to enter objections to the PSI, including to the erroneous deadly weapon enhancement" rendered her trial counsel ineffective. However, Appellant fails to state the objections her trial counsel should have made or how the "deadly weapon enhancement" was erroneous. *See* TEX. R. APP. P. 38.1(i) (requiring brief to contain clear and concise argument with appropriate citations to authorities); *see also Doyle v. State*, 875 S.W.2d 21, 23 (Tex. App.—Tyler 1994, no pet.) ("failure to object to that which is unobjectionable is not ineffective assistance of counsel"). Because Appellant fails to show how her trial counsel's performance was deficient, she fails to meet her burden of proving his ineffectiveness. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Tong*, 25 S.W.3d at 712. Accordingly, we overrule Appellant's first issue.

### DEADLY WEAPON FINDING

In Appellant's second issue, she argues that the trial court improperly based its deadly weapon finding on "an alternative, hypothetically dangerous scenario."

## Standard of Review and Applicable Law

The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 320, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *see also*

*Johnson v. State*, 871 S. W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most favorable to the verdict. *See Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186.

To sustain a deadly weapon finding, the evidence must demonstrate that (1) the object meets the statutory definition of a deadly weapon, (2) the deadly weapon was used or exhibited during the transaction from which the felony conviction was obtained, and (3) other people were put in actual danger. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). "Deadly weapon" is defined as

> (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or
>
> (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

TEX. PENAL CODE ANN. § 1.07(17) (West Supp. 2020). Objects that are not usually considered deadly weapons may become such, depending on the manner in which they are used during the commission of an offense. *Drichas*, 175 S.W.3d at 798. A motor vehicle may become a deadly weapon if the manner of its use is capable of causing death or serious bodily injury. *Id.* Specific intent to use the motor vehicle as a deadly weapon is not required. *Id.*

<u>Analysis</u>

Appellant argues that although the evidence shows she drove in a manner that could support a deadly weapon finding under other circumstances, the evidence here is insufficient because there was no actual danger to another person. We disagree.

As previously stated, no witnesses testified at the punishment hearing, and the trial court based its deadly weapon finding entirely on the information contained in the PSI. Defense counsel told the trial court that he had adequate time to review the PSI with Appellant and had no proposed changes, corrections, additions, or deletions. The PSI was not made a part of the appellate record.

When a trial judge reviews and relies upon the unobjected-to contents of a PSI, appellate courts must also be able to review the judicially noticed content of those reports. *Brewer v. State*, No. 1270-03, 2004 WL 3093224, at *4 (Tex. Crim. App. May 19, 2004). To that end, a PSI may be filed in the appellate court as a sealed document, or, alternatively, specific

4

information in the PSI that is judicially noticed may be recited into the record. *Id.* at \*4 n.31. In this case, the prosecutor read into the record the information from the PSI on which the State relied to support the deadly weapon allegation. Defense counsel made no objections to the prosecutor's representations of the PSI contents, and Appellant does not dispute them on appeal. Therefore, we consider the prosecutor's representations of the PSI contents as evidence for purposes of this appeal. *See id.*

In his arguments, the prosecutor referred to an offense report contained in the PSI. The report stated that 911 calls were made regarding a reckless driver who almost caused several collisions while driving south on Farm to Market Road (FM) 2493. A driver named Hines told the police officer that he had just turned onto FM 2493 when he saw a black Ford F-250 traveling straight toward his vehicle. Hines said that the truck almost struck his vehicle head on, but he took evasive action to the right and only his driver's side mirror was struck. The F-250 continued south on FM 2493, turned onto County Road (CR) 141, and was eventually blocked by Hines and another driver to stop the F-250's driver from continuing to drive. Hines also saw the F-250 almost rear end a black Chevrolet pickup truck. He saw the Chevrolet truck turn onto CR 141 to avoid being struck by Appellant's truck.

The offense report further stated that the name of the Chevrolet truck's driver was Wilford. He told the officer that he was driving behind Appellant "the entire time, from Grande Boulevard, and witnessed erratic and reckless driving." Wilford said that Appellant was "all over the road" and almost collided head on with Hines's vehicle. At that time, Hines pulled ahead of Appellant, and Wilford pulled behind her in an attempt to block her truck on CR 141. Appellant then backed up and struck Wilford's truck.

Finally, the offense report stated that three additional individuals reported accounts of Appellant's driving. Jeremiah Spain said that he saw Appellant driving "all over the road." Appellant "pulled right up behind him," so he kept going to try to get out of her way. Tommy Jenkins said he also saw Appellant drive "all over the road" and almost collide head on with Hines. An individual named Sparks was in Spain's vehicle and also saw the near head on collision.

Despite Appellant's argument that any danger in this case was merely hypothetical, the evidence here is sufficient to show that there was actual danger to another person. To sustain a deadly weapon finding requires evidence that others were endangered, and not merely a

5

hypothetical potential for danger if others had been present. *Mann v. State*, 13 S.W.3d 89, 92 (Tex. App.—Austin 2000), *aff'd*, 58 S.W.3d 132 (Tex. Crim. App. 2001). However, to justify a deadly weapon finding under Section 1.07(a)(17)(B), the state need not establish that the use or intended use of an implement actually caused death or serious bodily injury, but only that the manner in which the implement was used or intended to be used was capable of causing death or serious bodily injury. *Moore v. State*, 520 S.W.3d 906, 908 (Tex. Crim. App. 2017). Capability is evaluated based on the circumstances that existed at the time of the offense. *Drichas*, 175 S.W.3d at 799. A motor vehicle, in the manner of its use or intended use, is clearly capable of causing death or serious bodily injury and therefore can be a deadly weapon. *Moore*, 520 S.W.3d at 908-09. A deadly weapon finding is appropriate on a sufficient showing of actual danger, such as evidence that another motorist was on the highway at the same time and place as the defendant when the defendant drove in a dangerous manner. *Drichas*, 175 S.W.3d at 799.

The evidence in this case shows that several other motorists were on FM 2493 and CR 141 at the same time as Appellant when she drove in a dangerous manner. Multiple people called 911 to report Appellant's reckless driving. Motorists at the scene told the police about Appellant's inability to maintain her lane and maintain an appropriate distance from other vehicles. One motorist turned off the road he was on to avoid being rear-ended by Appellant. Another motorist's mirror was struck when he swerved to avoid being struck head on by Appellant. We conclude that the evidence in this case shows Appellant's manner of using her truck posed a danger to these motorists that was real, not simply hypothetical, and rendered it capable of causing death or serious bodily injury. *See Moore*, 520 S.W.3d at 913 (deadly weapon finding justified where defendant rear ended vehicle parked at intersection resulting in minor injuries); *Drichas*, 175 S.W.3d at 798 (deadly weapon finding justified where defendant drove erratically, drove on the wrong side of the road, and some traffic was present); *Mann*, 13 S.W.3d at 92 (deadly weapon finding justified where defendant caused motorist to swerve to avoid head on collision).

Notwithstanding all this evidence, Appellant contends that we should modify the trial court's judgment to delete the deadly weapon finding because the trial court based its finding on a hypothetical situation. We disagree that the proper inquiry is the trial court's basis for its finding, and further disagree that the record shows the trial court based its finding on a hypothetical situation. The proper inquiry is whether any rational trier of fact could have found

beyond a reasonable doubt that Appellant used her truck in a manner that was capable of causing death or serious bodily injury. *See **Jackson***, 443 U.S. at 320, 99 S. Ct. at 2789; *see also **Johnson***, 871 S. W.2d at 186; ***Moore***, 520 S.W.3d at 913; ***Drichas***, 175 S.W.3d at 798. Thus, the actual basis of the trial court's finding is irrelevant.

Furthermore, even if the trial court's basis were relevant, we could not conclude that it was improper. In making her argument, Appellant notes that "no individuals were hurt and any property damage was minimal, at most." Appellant further observes the following statement of the trial court in reference to the near head on collision: "You move her vehicle over one more foot, and we could be here on that intoxication manslaughter case that I started talking about." We interpret this statement as emphasizing that Appellant's driving posed a real danger of death, which is the appropriate basis for a deadly weapon finding. The State was not required to show that Appellant's use of her truck caused death or serious bodily injury, but only that it was capable of doing so in the manner in which she used it. *See **Moore***, 520 S.W.3d at 908. Because the evidence supports the trial court's deadly weapon finding, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered April 21, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 21, 2021**

**NO. 12-20-00052-CR**

**FRANCES MARIE GOMEZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1524-19)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*